UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. |
| | : | |
| v. | : | MAGISTRATE NO. 22-MJ-52 |
| | : | |
| **JOSHUA JOHNSON** | : | VIOLATIONS: |
| | : | |
| Defendant. | : | 18 U.S.C. §§ 1512(c)(2), and 2 |
| | : | (Obstruction of an Official Proceeding and |
| | : | Aiding and Abetting) |
| | : | 18 U.S.C. §§ 1752(a)(1) |
| | : | (Entering and Remaining in a Restricted |
| | : | Building or Grounds) |
| | : | 18 U.S.C. § 1752(a)(2) |
| | : | (Disorderly and Disruptive Conduct in a |
| | : | Restricted Building or Grounds) |
| | : | 40 U.S.C. § 5104(e)(2)(A) |
| | : | (Entering and Remaining on the Floor of |
| | : | Congress) |
| | : | 40 U.S.C. § 5104(e)(2)(D) |
| | : | (Disorderly Conduct in the Capitol |
| | : | Grounds or Buildings) |
| | : | 40 U.S.C. § 5104(e)(2)(G) |
| | : | (Parading, Demonstrating, or Picketing in |
| | : | a Capitol Building) |
| | : | |
| | | **FILED UNDER SEAL** |

## GOVERNMENT'S MOTION TO SEAL
## INDICTMENT AND ARREST WARRANT

The United States of America respectfully moves for this Court to issue an Order directing that the Indictment, and this Motion to Seal, and the accompanying Order to Seal be placed under seal until the arrest of the defendant. In support of its motion, the Government states as follows.

The United States is investigating allegations that Joshua Johnson entered the restricted area around United States Capitol Building on January 6, 2021, without legal authority, and

participated in violent and in disorderly conduct in violation of 18 U.S.C. §§ 1512(c)(2), 2, 18 U.S.C. §§ 1752(a)(1) and (a)(2), 40 U.S.C. § 5104(e)(2)(A), 40 U.S.C. § 5104(e)(2)(D), and 40 U.S.C. § 5104(e)(2)(G).

The investigation of this defendant is not currently public. The public disclosure of the indictment before the defendant is arrested could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendant, and may lead to the destruction of evidence. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

As stated in *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. This can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Id.* at 290 (quoting *Oregonian Pub. Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990)). In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that filings related to the Indictment and Arrest Warrant are not accessible from the Court's public files until the defendant is arrested is narrowly tailored to serve a compelling interest.

WHEREFORE, for all the foregoing reasons, the government respectfully requests that the Indictment, Arrest Warrant, and this Motion to Seal and the accompanying Order to Seal, be placed under seal until further order of the Court.

                        Respectfully submitted,

                        MATTHEW M. GRAVES
                        UNITED STATES ATTORNEY
                        D.C. Bar No. 481052

By:      /s/ *Alexis J. Loeb*
            ALEXIS J. LOEB
            Assistant United States Attorney
            Detailee
            California Bar No. 269895
            450 Golden Gate Ave, 11th Floor
            San Francisco, CA 94102
            Alexis.loeb@usdoj.gov
            (415) 436-7168