UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No.: 22-CR-80 (CRC) |
| : | |
| JOSHUA JOHNSON, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in opposition to defendant Joshua Johnson's Motion to Modify Conditions of Release ("Mot."). ECF No. 30. Johnson does not any identify changed circumstances supporting his request that the Court replace location monitoring and home detention with a curfew. His criminal history – including convictions resulting from violent behavior and dishonesty with law enforcement – the serious charges in this case, and the lack of compliance with pretrial release conditions justify keeping the current release conditions in place.

### FACTUAL BACKGROUND

**I.    Johnson's Participation in the Capitol Riot**

On January 4, 2021, Johnson flew from Spokane, Washington, to Washington, D.C., to protest the certification of the Electoral College vote. On January 6, Johnson attended the rally in support of President Trump and decided to march to the Capitol to "make his voice heard." As he approached the Capitol Building, he saw layers of barricades and officers and rioters spraying each other with what he believed to be mace. Nonetheless, he decided to enter the

Capitol. He entered through the Rotunda Doors at approximately 2:40pm, during a violent struggle with rioters and police by that entrance. Johnson had a gas mask with him, which he put on outside the Senate Gallery. He removed the mask and made his way to the Senate Floor, which he reached within ten minutes of entering the Capitol. In the Senate Chamber, he rifled through documents on a Senator's desk and filmed video of them using his cell phone. He left the Capitol Building at 3:07 p.m., just under half and hour after entering the building, and triumphantly raised his hands in the air.

## II.     Procedural History

On March 11, 2022, a grand jury indicted Johnson for violations of 18 U.S.C. § 1512(c)(2) and five misdemeanor offenses in connection with his role in the breach of the U.S. Capitol. ECF No. 6. Johnson was arrested on March 23, 2022. On March 31 and April 1, 2022, Johnson had his initial appearance in this District before Magistrate Judge Faruqui. The government agreed to Johnson's release on conditions, and Magistrate Judge Faruqui imposed the current release conditions, which include home detention with radio frequency monitoring. ECF 19. Defendant had proposed that his brother act as a custodian, but Pretrial Services determined that his brother was not suitable. Minute Entry, Apr. 1, 2022. The government did not request GPS monitoring only because it learned that the Eastern District of Texas, where Johnson would be supervised, advised that it was not available; the Court ordered radio frequency monitoring instead.

On November 16, 2022, Pretrial Services filed a violation report. ECF No. 32. Pretrial reported that the defendant had submitted two diluted urine samples and submitted two positive samples. *Id.* at 2. The defendant denied drug use. *Id.*

### III. Johnson's Criminal History

In April 2019, Johnson robbed a vape shop in Collin County, Texas. He entered the store wearing a ski mask and hoodie and held employees at gunpoint. He stole the employees' wallets and phones and stole money from the register. He was charged with felony aggravated robbery and was arrested on November 18, 2021. Johnson was convicted of two counts on March 7, 2022, and sentenced to two five-year terms of probation.

Johnson's arrest on the armed robbery charges followed his extradition from the state of Washington to Texas on those charges; he had been in custody in Washington following his July 20, 2021 arrest on domestic violence charges there. According to the police report, Johnson became enraged after a family member refused to buy a gun for him. He then showed up at the family member's trailer and forced his way in, yelling, "where is it?," presumably referring to the firearm. Johnson tried to punch his family member. In September, 2021, he was convicted of criminal trespass and was sentenced to 364 days' jail.

That was not Johnson's first domestic violence conviction; in 2012 and 2017, he was twice convicted of assault causing bodily injury to a family member. In 2010, Johnson was also arrested for assault causing bodily injury to a family member (disposition unknown).

The facts of 2012 the conviction, according to the police report, are concerning. Johnson refused to let his girlfriend use the bathroom in privacy. He became enraged and tried to pinch her a hot hair straightener, and then started choking her. She hid in the bedroom with their 7-month-old daughter. Johnson's girlfriend asked if she could go out, but he said no, and started choking her again before head-butting her.

Johnson has another a misdemeanor conviction from 2018 for a violation of Texas Penal Code 38.02, which makes it a crime to refuse to give one's name, residence, or date of birth to an

officer during an arrest. When the police stopped the car that Johnson was driving (which had no front license plate), Johnson gave a false name ("Joshua P. Johnson") and birth date. He said he could not remember if he had a Texas driver's license. Johnson later admitted he had lied to the officer because he thought there was a warrant out for his arrest. He also said that the name Joshua E. Frederick was on his driver's license, but he uses the name Johnson. A database check showed that an individual with the name Joshua E. Frederick did have a warrant for his arrest.

## ARGUMENT

**I.  Applicable Authority**

Under the Bail Reform Act, if a judicial officer determines that release under two standard conditions (not committing crimes and cooperating in the collection of DNA) "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the judicial officer may impose additional conditions. 18 U.S.C. §§ 3142(b), (c)(1). In that event, the judicial officer shall release the defendant "subject to the least restrictive further condition, or combination of conditions" that "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). In determining appropriate conditions of release, the judicial officer must consider factors including: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence"; (3) "the history and characteristics" of the defendant and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g) ("Section 3142(g) factors").

The judicial officer may amend a release order "at any time." 18 U.S.C. § 3142(c)(3). Modifications are generally grounded in new information or a change in circumstances that would merit such a modification. *See, e.g., United States v. Hebron*, No. CRIM.A. 97-178

(TAF), 1997 WL 280568, at *1 (D.D.C. May 22, 1997); *accord United States v. Bikundi*, 73 F. Supp. 3d 51, 54 (D.D.C. 2014) (citing 18 U.S.C. § 3142(f)(2)(B)).  "[C]ompliance - even model compliance - with the Court's requirements is not enough to warrant adjustment of [the defendant's] pretrial release conditions."  *United States v. Henry*, 314 F. Supp. 3d 130, 133 (D.D.C. 2018).

**II.     The Court Should Not Modify Johnson's Release Conditions**

Johnson is already subject to the "least restrictive" combination of conditions necessary to ensure the safety of the community.  18 U.S.C. § 3142(c)(1)(B).  The government could have reasonably sought pretrial detention in this case.  Johnson has multiple convictions for violent offenses, including, most recently, assaulting a family member who refused to give him a firearm and holding several victims at gunpoint as he robbed a store.

In addition, Johnson poses a risk of nonappearance.  He has another criminal conviction that stems from providing false information to law enforcement in order to evade arrest – precisely the type of situation that could present itself again here when he is pending trial or sentencing.  He has used at least one alias, Joshua Frederick, going so far as to put it on his driver's license – and then he gave police yet a different name (Joshua P. Johnson) when they pulled him over in 2018.  And, knowing that Johnson was likely wanted in Texas for armed robbery, he relocated to Washington State.

From there, Johnson flew to Washington and stormed the Capitol, where he was captured on Capitol surveillance video, a *New Yorker* journalist's video, and video from his own cell phone, among other evidence.  In so doing, he obstructed the certification, ignoring every indication that he should have turned around; once inside the building, he advanced all the way to the Senate Floor.  This willingness to defy or ignore authority or law with which he disagrees

also indicates a potential risk of nonappearance. For his conduct on January 6, Johnson has been indicted for obstructing an official proceeding, a felony with a 20-year statutory maximum.

In addition, Johnson's community ties are somewhat weak. His most recent stint in Texas has been less than a year. He has family nearby – but that family was not enough to keep him from leaving the state before, after he committed an armed robbery.

Moreover, Johnson has not been compliant with his release conditions. On November 16, 2022, Pretrial Services filed a violation report. That violation report came only after Johnson submitted two suspicious urine samples and failed two other tests. The dilution of urine samples suggests dishonesty with the Court, another indicator of the risk of nonappearance here. Particularly given the recent record of noncompliance, now is not the time to give Johnson more leeway.

Finally, Johnson identifies no changed circumstances supporting a relaxation of his conditions. In a case involving another January 6 defendant accused of obstructing an official proceeding, Judge Jackson has repeatedly considered – and denied – that defendant's motion to modify his conditions of release to remove his GPS monitor. Order, *United States v. Garcia,* 21-cr-129 (ABJ), ECF No. 35 (D.D.C. Sept. 13, 2021). She has concluded that the "serious nature of the charges; the fact that the motion does not identify any change in circumstances; and the Court's receipt of information from Pretrial Services that casts doubt on defendant's candor" all supported her decision to deny the motion. *Id.* at 1. These same factors support the denial of Johnson's motion, particularly when considered alongside Johnson's significant, relevant criminal history.

## CONCLUSION

For the foregoing reasons, the Court should deny Johnson's motion.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052


By:    __/s/ *Alexis J. Loeb*_____
        Alexis J. Loeb
        California Bar No. 269895
        Assistant United States Attorney
        Detailee
        450 Golden Gate Avenue, 11th Floor
        San Francisco, CA 94102
        Tel. (415) 436-7168
        alexis.loeb@usdoj.gov